Alan Ruddy, Esq., Assistant County Counsel
Attorney ID#002411975
Office of the Essex County Counsel
Hall of Records, Room 535, 465 Dr. Martin Luther King, Jr., Blvd., Newark, NJ 07102
(973) 621-5021
(Attorney for Defendant, County of Essex, improperly pled as Essex County
Correctional Facility and Essex County Department of Corrections)

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## (NEWARK)

| | |
|---|---|
| | Civil Action No. |
| | Removed from: |
| | : SUPERIOR COURT OF NEW JERSEY |
| | : LAW DIVISION:  ESSEX COUNTY |
| | : DOCKET NO. ESX-L-4592-21 |
| JOSE VELLON, | : |
| | : |
| Plaintiff, | :   Civil Action |
| vs. | : |
| | :   **NOTICE OF REMOVAL** |
| COUNTY OF ESSEX, ESSEX | : |
| COUNTY DEPARTMENT OF | : |
| CORRECTIONS, ESSEX COUNTY | : |
| CORRECTIONAL FACILITY, ALFARO | : |
| ORTIZ, WILLIAM ANDERSON, GUY | : |
| CIRILLO, SERGEANT NICHOLS, | : |
| and/or JOHN DOE 1-100 (fictitious | : |
| names representing unknown | : |
| individuals, and ABC Company 1-100 | : |
| (fictitious names representing unknown | : |
| entities). | : |
| | : |
| Defendants. | : |

To:        Clerk of the United States District Court
           District of New Jersey
           Martin Luther King Jr. Courthouse
           50 Walnut Street
           Newark, NJ   07101

On Notice to:    Clerk, Essex County Superior Court
Civil Action Division
Veterans Courthouse – Room 131
Newark, NJ  07102

Daniel T. Dalena, Esq.
Javerbaum, Wurgaft, Hicks, Kahn,
  Wikstrom & Sinins, P.C.
201 Washington Street
Newark, NJ  07102
(Attorney for Plaintiff)

SIR/MADAM:

**PLEASE TAKE NOTICE** in accordance with 28 U.S.C. §§ 1441-1451, defendant, County of Essex, improperly pled as Essex County Correctional Facility and Essex County Department of Corrections, hereby gives notice that they have removed the above-entitled case from the Superior Court of New Jersey, Essex County, to the United States District Court for the District of New Jersey.  In support of this notice, defendant states the following:

1.  The within matter was commenced by Daniel T. Dalena, Esq., in the Superior Court of New Jersey, Essex County, Docket No.ESX-L-4592-21.   The County of Essex was served on June 25, 2021.

2.  The United States District Court has original jurisdiction of the above-captioned civil action pursuant to 28 U.S.C. §§ 1331 because the cause of action brought by plaintiff involve a federal question.

3.   True copies of the Summons and Complaint, which comprise all pleadings and orders served upon the above defendants in this action, are attached hereto as **Exhibit A**.

4.  This removal is timely under 28 U.S.C. § 144(b) in that it was filed within Thirty (30) days of defendant's acceptance of the complaint.

5.  Defendant seeks removal of the within matter pursuant to 28 U.S.C. § 1441 because the Complaint alleges causes of action under federal law and/or the United States Constitution. **(See Exhibit A)**

6.  No previous petition or notice has been made for the relief sought herein.

7.  A Notice of Filing Petition will be filed with the Clerk of the Superior Court of New Jersey in Trenton and the Clerk of the Superior Court of New Jersey in Essex County.    Additionally, a copy of both Notices will be served upon plaintiff.

8.      At the time of filing, no other defendant has filed an Answer to plaintiffs' Complaint.

**WHEREFORE**, defendant, County of Essex, improperly pled as Essex County Correctional Facility and Essex County Department of Corrections., respectfully gives notice that the above matter is removed to the United States District Court for the District of New Jersey from the Superior of New Jersey, Law Division, Essex County.

Courtney M. Gaccione
Essex County Counsel
(Attorney for defendants,
County of Essex)

*s/Alan Ruddy*
Alan Ruddy, Esq.
Assistant County Counsel

Dated:  June 30, 2021

**JAVERBAUM WURGAFT HICKS
KAHN WIKSTROM & SININS, P.C.**
**201 Washington Street**
**Newark, NJ 07102**
**Telephone: (973) 379-4200**
**Facsimile: (973) 379-7872**
**Web: www.lawjw.com**
**Attorney: Daniel T. Dalena, Esq.**
**Bar No. 045011988**
**Attorney for Plaintiff**

|  |  |
|---|---|
| Plaintiff, <br><br> JOSE VELLON, <br><br> v. <br><br> Defendants, <br><br> COUNTY OF ESSEX, ESSEX COUNTY DEPARTMENT OF CORRECTIONS, ESSEX COUNTY CORRECTIONAL FACILITY, ALFARO ORTIZ, WILLIAM ANDERSON, GUY CIRILLO, SERGEANT NICHOLS, and/or JANE DOE 1-100 and JOHN DOE 1-100 (fictitious names representing unknown individuals, and ABC Company 1-10 (fictitious names representing unknown entities). | SUPERIOR COURT OF NEW JERSEY LAW DIVISION: ESSEX COUNTY <br><br> Docket No.: ESX-L- <br><br> **CIVIL ACTION** <br><br><br> **COMPLAINT DEMAND FOR JURY TRIAL DESIGNATION OF TRIAL ATTORNEY** |

Plaintiff, **JOSE VELLON**, residing in the City of Reading, County of Berks and State of Pennsylvania, complaining of the Defendants, deposes and says:

## PARTIES

1.     On or about July 14, 2019, Plaintiff, **JOSE VELLON** (hereinafter "**VELLON**" or "Plaintiff"")   was an inmate at Essex County Correctional Facility.

2.     At all relevant times herein, **THE COUNTY OF ESSEX ("THE COUNTY")** was and is a governmental entity organized and existing pursuant to the laws of the State of New Jersey, with a place of business at 465 Dr. Martin Luther King, Jr. Boulevard, Newark, Essex County, New Jersey.

1

3.      At all relevant times herein, **THE ESSEX COUNTY DEPARTMENT OF CORRECTIONS ("ECDOC")** was and is a governmental entity organized and existing pursuant to the laws of the State of New Jersey, with a place of business at 354 Doremus Avenue, Newark, Essex County, New Jersey.

4.      At all relevant times herein, **ESSEX COUNTY CORRECTIONAL FACILITY ("ECCF")** was and is a governmental entity organized and existing pursuant to the laws of the State of New Jersey, with a place of business at 354 Doremus Avenue, Newark, Essex County, New Jersey.

5.      At all relevant times herein, **ALFARO ORTIZ ("ORTIZ")** was an employee of the COUNTY and the director of ECCF acting in his personal, individual and official capacities and was responsible for supervision and oversight of the ECCF, including but not limited to the development, promulgation, and implementation of policies, procedures, and standards for ECCF.

6.      At all relevant times herein, **WILLIAM ANDERSON ("ANDERSON")** was an employee of the COUNTY and one (1) of the two (2) wardens of ECCF acting in his personal, individual and official capacities and was responsible for supervision and oversight of   the ECCF, including but not limited to the development, promulgation, and implementation of policies, procedures, and standards for ECCF. Warden Anderson is responsible for all employees of the ECCF.

7.      At all relevant times herein, **GUY CIRILLO ("CIRILLO")** was an employee of the COUNTY and one (1) of the two (2) wardens of ECCF acting in his personal, individual and official capacities and was responsible for supervision and oversight of   the

2

ECCF, including but not limited to the development, promulgation, and implementation of policies, procedures, and standards for ECCF. Warden Cirillo is responsible for all employees of the ECCF.

8.    At all relevant times herein, **SERGEANT NICHOLS ("SERGEANT NICHOLS")**  was an employee of the COUNTY and correctional officer at ECCF acting in his/her personal, individual and official capacities,  and was a correctional officer on duty during the time in question prior to the death of Plaintiff's decedent, and was responsible for the following, among other duties: observing all actions of inmates, security patrols of the area, safety patrols, sanitation inspections, equipment inspections, health and welfare inspections, cell inspections, facilitating personal contact and interactions between inmates and staff, inmate counts, taking proper action with regard to sick or injured prisoners,  responding to emergency calls, initiating emergency procedures designed to protect the safety, health and welfare of inmates, being attendant to the prisoner's basic needs and conducting or participating in investigations of events that happen on his watch.

9.    At all relevant times herein, **JANE DOE 1-100 and JOHN DOE 1-100 (fictitious names representing unknown individuals)**, were employees of the COUNTY, ECDOC, ECCF and/or ABC Company 1-10 (fictitious names representing unknown individuals/entities) acting in his/her personal,  individual and official capacities at the ECCF as either an officer or other person responsible for supervision and oversight of the correctional officers employed at ECCF, including but not limited to the development, promulgation, and implementation of policies, procedures, and standards for ECCF. Sued in their individual capacities, the identities of these Defendants remain unknown to Plaintiff at this time.

ESX-L-004592-21   06/11/2021 10:49:04 AM  Pg 4 of 23 Trans ID: LCV20211418896

10.     At all times relevant herein, ABC COMPANY 1-10 (fictitious names representing unknown entities) represent corporate and/or governmental entities yet to be identified.

## NOTICE OF CLAIM

11.     Plaintiff served a Notice of Claim for damages in the form prescribed by N.J.S.A 59:8-4 upon the COUNTY OF ESSEX, ESSEX COUNTY DEPARTMENT OF CORRECTIONS, ESSEX COUNTY CORRECTIONAL FACILITY, within the time permitted by correspondence dated August 18, 2019.

12.     It has been more than six (6) months since service of Plaintiff's Notice of Claim and the claims remain unresolved.

13.     This action is commenced within two (2) years from the date of the incident upon Plaintiff JOSE VELLON.

## NATURE OF ACTION

14.     At all relevant times herein, Plaintiff was an inmate of ECCF.

15.     At all relevant times herein **SERGEANT NICHOLS** was an officer assigned to Plaintiff's unit and was required to comply with certain procedures with respect to inmates.

16.     On said date, while inside ECCF, Defendants **SERGEANT NICHOLS and/or JANE DOE 1-50 and JOHN DOE 1-50 (fictitious names representing unknown individuals)** committed an assault and battery, unauthorized touching or other improper conduct upon Plaintiff.

17.     **VELLON** institutes this action for compensatory and punitive damages for the violation of both state and federal constitutional rights and pendent state claims in the use of excessive force by corrections officers at the ECCF on July 14, 2019, force that was arbitrary, capricious, brutal, and lacking in any justification or need to control or maintain safety at the jail.

4

18.     Plaintiff also seeks to recover damages for the **DEFENDANTS'** deliberate indifference to the constitutional rights of Plaintiff evidenced by their assault, battery, toleration and acquiescence of the use of random, unjustified and excessive force and in their failure to ensure that subordinates provided appropriate medical care to inmates as well as their failure to properly hire, train, supervise and discipline corrections officers, many of whom have a history of abusing prisoners, as documented in prior lawsuits and, on information and belief, Internal Affairs investigations.

19.     The unlawful actions and conduct of the defendants evidenced a depraved and deliberate indifference to the clearly established constitutional rights of **VELLON**, protected and secured by the provisions of the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution and under the laws of the United States, brought pursuant to the Civil Rights Act, Title 42 of the United States Code, § 1983.

20.     This action is also brought pursuant to the New Jersey Civil Rights Act, Title 10 of the New Jersey Statutes for violations under the New Jersey Constitution, Article 1, §1, as well as state causes of action sounding in negligence, assault/battery, intentional infliction of emotional distress and civil conspiracy.

21.     As a direct and proximate result of the constitutional violations and negligence **VELLON** suffered severe injuries and emotional distress.

**FIRST COUNT**
**(Assault and Battery)**

22.     Plaintiff repeats and realleges each and every allegation in the Complaint as if set forth fully herein at length.

23.     On the said date, defendants **SERGEANT NICHOLS and/or JANE DOE 1-50 and JOHN DOE 1-50 (fictitious names representing unknown individuals)** committed

5

an assault and battery, unauthorized touching and/or other improper conduct upon Plaintiff.

24.     As set forth in detail above, **VELLON** was subjected to the use of excessive force, unwanted touching, and/or other improper conduct that caused severe injuries.

25.     The touching that was unlawful and without justification and constituted use of excessive force and caused the foregoing injuries meets the definition of assault and battery under New Jersey common law and the criminal code.

26.     As a direct and proximate result of the assault and battery, **VELLON** was caused to be placed in fear of physical harm and was subjected to physical harm.

27.     The aforedescribed damages and injuries were caused solely and wholly by the intentional and willful assault and battery by **SERGEANT NICHOLS and/or JANE DOE 1-50 and JOHN DOE 1-50 (fictitious names representing unknown individuals).**

28.     As a direct and proximate result of defendants' assault and battery as aforedescribed, **VELLON** sustained serious, severe and permanent injuries, both physical and psychological, as well as other damages.

29.     By reason of the foregoing **VELLON** has been damaged.

**WHEREFORE**, Plaintiff **JOSE VELLON** demands judgment against Defendants **COUNTY OF ESSEX, ESSEX COUNTY DEPARTMENT OF CORRECTIONS, ESSEX COUNTY CORRECTIONAL FACILITY, ALFARO ORTIZ, WILLIAM ANDERSON, GUY CIRILLO, SERGEANT NICHOLS, and/or JANE DOE 1-100 and JOHN DOE 1-100 (fictitious names representing unknown individuals, and ABC Company 1-100 (fictitious names representing unknown entities),** jointly and severally, for compensatory and punitive damages, interest, attorneys' fees and costs of suit.

**SECOND COUNT**
*(N.J.S.A. 10:6-2:New Jersey Civil Rights Act)*

6

30.     Plaintiff repeats and realleges each and every paragraph contained in this Complaint and incorporates same as if set forth fully herein at length.

31.     **VELLON** has a state substantive due process liberty interest under the New Jersey State Constitution Article 1, §1 to be free from egregiously abusive physical conduct by law enforcement officers.

32.     **VELLON** had a right under the New Jersey State Constitution Article 1, §1 to be free from unreasonable seizures.

33.     Defendants' actions were taken under color of state law.

34.     Defendants, to the same extent and pursuant to the same facts as set forth in the previous Counts and Allegations contained herein, individually and through their agents, servants and employees, and by their deliberate indifference to the civil rights of **VELLON** as previously detailed, deprived **VELLON** of his rights, privileges and immunities secured under Article I, ¶1 and ¶12 of the New Jersey State Constitution and under N.J.S.A. 10:6-2, the New Jersey Civil Rights Act (the "NJCRA").

35.     Defendants acted pursuant to official or unofficial policy and/or custom to deprive **VELLON** of his constitutional rights under Defendants' actions were willful, deliberate and malicious.

36.     The aforesaid action and/or inaction constituted deliberate indifference to the harm suffered by Plaintiff and was performed without legitimate relationship to security or safety of inmates or employees and not necessary to enforce jail safety or order in the jail.

37.     Such conduct was of such an egregious nature as to shock the conscience.

38.     By reason of the foregoing, Defendants violated the civil rights of **VELLON.**

39.     As a direct and proximate result of Defendants' constitutional violations as

aforedescribed, **VELLON** sustained serious, severe and permanent injuries, both physical and psychological, as well as other damages.

40.    By reason of the foregoing **VELLON** has been damaged.

**WHEREFORE**, Plaintiff **JOSE VELLON** demands judgment against Defendants **COUNTY OF ESSEX, ESSEX COUNTY DEPARTMENT OF CORRECTIONS, ESSEX COUNTY CORRECTIONAL FACILITY, ALFARO ORTIZ, WILLIAM ANDERSON, GUY CIRILLO, SERGEANT NICHOLS, and/or JANE DOE 1-100 and JOHN DOE 1-100 (fictitious names representing unknown individuals, and ABC Company 1-100 (fictitious names representing unknown entities),** jointly and severally, for compensatory and punitive damages, interest, attorneys' fees and costs of suit.

<u>**THIRD COUNT**</u>
(Violation of NJ Civil Rights Act 10:6-1 et seq, Article 1,
par. 12 and Art. 1, Paragraph I of the NJ Constitution)

41.    Plaintiff repeats each and every allegation heretofore states as if set forth at length herein.

42.    At all times relevant hereto, the conduct of Defendants as aforesaid were in violation of N.J.S.A. 10:6-1 *et seq.* and in the alternative in violation of the New Jersey State Constitution, for violation of the right to be free from cruel and unusual punishment as guaranteed by the Article I, Paragraph 12 of the New Jersey State Constitution and due process as guaranteed by the Article I, Paragraph 1 of the New Jersey State Constitution.

43.    Defendants acted under color of state law in directly participating in and /or ordering and/or supervising the aforesaid conduct in violation of plaintiffs' constitutions rights. **ALFARO ORTIZ, WILLIAM ANDERSON, GUY CIRILLO and/or Jane Doe 51-100 and John Doe 51-100 (fictitious names representing unknown individuals)**, implicitly or

explicitly adopted and implemented careless and reckless policies,

44.     The aforesaid action and/or inaction constituted deliberate indifference to the harm suffered by plaintiff and performed without legitimate relationship to security or safety of inmates or employees and not necessary to enforce jail safety or order in the jail.

45.     Such conduct was of such an egregious nature as to shock the conscience.

46.     Such conduct violated plaintiff's well established right to be free of cruel and unusual punishment as guaranteed by Article I, Paragraph 12 of the New Jersey State Constitution and due process guaranteed by Article I, Paragraph 1 of the New Jersey State Constitutions.

47.     As a direct and proximate result of said conduct, Plaintiff suffered general and specific damages as alleged in this Complaint and is entitled to relief.

**WHEREFORE,** Plaintiff **JOSE VELLON** demands judgment against Defendants **COUNTY OF ESSEX, ESSEX COUNTY DEPARTMENT OF CORRECTIONS, ESSEX COUNTY CORRECTIONAL FACILITY, ALFARO ORTIZ, WILLIAM ANDERSON, GUY CIRILLO, SERGEANT NICHOLS, and/or JANE DOE 1-100 and JOHN DOE 1-100 (fictitious names representing unknown individuals, and ABC Company 1-100 (fictitious names representing unknown entities),** jointly and severally, for compensatory and punitive damages, interest, attorneys' fees and costs of suit.

## FOURTH COUNT
### (Violation of NJ Civil Rights Act 10:6-1 et seq, and Art. 1, Paragraph I of the NJ Constitution)

48.     Plaintiff repeats each and every allegation heretofore states as if set forth at length herein.

9

49.    Plaintiff has a state substantive due process liberty interest under the New Jersey State Constitution Article I Sec. 1 to be free from egregiously abusive physical conduct by law enforcement officers.

50.    Plaintiff had a right under the New Jersey State Constitution Article I, sec. 1 to be free from unreasonable seizure.

51.    Defendants' actions were taken under color of state law.

52.    Defendants, to the same extent and pursuant to the same facts as set forth in the previous counts and allegations heretofore, individually and through their agents, servants and employees, and by their deliberate indifference to the civil rights of Plaintiff as previously detailed, deprived plaintiff of his rights, privileges and immunities secured under Article 1 sec 1 of the New Jersey State Constitution and under N.J.S.A. 10:6-2, the New Jersey Civil Rights Act.

53.    Defendants acted pursuant to official and unofficial policy and/or custom to deprive Plaintiff of his constitutional rights under Defendants actions were willful, deliberate and malicious.

54.    By reason of the foregoing, defendants violated the civil rights of Plaintiff.

55.    As a direct and proximate result of the violation of his civil rights guaranteed under N.J.S.A. 10:6-2, Plaintiff suffered general and specific damages as alleged in this Complaint.

56.    The civil rights violations were committed by Defendants with actual malice and/or wanton and willful disregard of persons who foreseeably might be harmed by Defendants' actions.

57.    Plaintiff seeks punitive damages pursuant to N.J.S.A. 2A:15-5.10 et seq.

10

**WHEREFORE**, Plaintiff **JOSE VELLON** demands judgment against Defendants **COUNTY OF ESSEX, ESSEX COUNTY DEPARTMENT OF CORRECTIONS, ESSEX COUNTY CORRECTIONAL FACILITY, ALFARO ORTIZ, WILLIAM ANDERSON, GUY CIRILLO, SERGEANT NICHOLS, and/or JANE DOE 1-100 and JOHN DOE 1-100 (fictitious names representing unknown individuals, and ABC Company 1-100 (fictitious names representing unknown entities)**, jointly and severally, for compensatory and punitive damages, interest, attorneys' fees and costs of suit.

### FIFTH COUNT
#### (42 U.S.C. § 1983 - individual liability)

58.    Plaintiff repeats and realleges each and every paragraph contained in the Complaint and incorporates same as if set forth fully herein at length.

59.    **VELLON** had a right under the Fourth Amendment of the United States Constitution to be free from and protected from the use of excessive force.

60.    **VELLON** had a liberty interest in bodily integrity protected by the Due Process Clauses both substantive and procedural of the Fifth and Fourteenth Amendments of the United States Constitution.

61.    The aforementioned rights under the First, Fourth, Fifth, Eighth and Fourteenth Amendments of the United States Constitution were each clearly established as of July 28, 2019.

62.    At all relevant times Defendant **SERGEANT NICHOLS and/or JANE DOE 1-50 and JOHN DOE 1-50 (fictitious names representing unknown individuals)** were acting under color of law under their authority as state corrections officers and/or under the state and federal constitutions, laws, charters, ordinances, rules, regulations, customs, usages and practices of the State of New Jersey and its agency the DOC.

63.    Defendants **ALFARO ORTIZ, WILLIAM ANDERSON, GUY CIRILLO**

11

**and/or Jane Doe 51-100 and John Doe 51-100 (fictitious names representing unknown individuals)** had a duty under the state and federal constitution to ensure the safety and welfare of the inmates under their custodial care and provide them with an environment that maintained their right to be free of harm; this included the duty to protect the safety of any inmate and intervene to prevent harm where necessary.

64.    Defendants **SERGEANT NICHOLS and/or JANE DOE 1-50 and JOHN DOE 1-50 (fictitious names representing unknown individuals)**, negligently, intentionally, purposefully, wanton and willfully and/or with actual improper motive and malice assaulted, struck, restrained and/or threatened bodily harm to Plaintiff.

65.    Defendants **SERGEANT NICHOLS and/or JANE DOE 1-50 and JOHN DOE 1-50 (fictitious names representing unknown individuals)** negligently, intentionally, purposefully, wanton and willfully and/or with actual improper motive and malice assaulted, struck, restrained and/or threatened bodily harm to Plaintiff.

66.    In violating Plaintiff's rights as set forth above and throughout, and other rights to be proven at trial, said defendants acted under color of state law and federal law and falsely arrested, imprisoned and/or assaulted Plaintiff in violation of Plaintiff's Fourth, Fifth and Fourteenth Amendments of the United States Constitution.

67.    As a direct and proximate result of the violation of constitutional rights as aforedescribed by defendants **SERGEANT NICHOLS and/or JANE DOE 1-50 and JOHN DOE 1-50 (fictitious names representing unknown individuals)**, plaintiff **JOSE VELLON** has sustained serious, severe, and permanent personal and psychological injuries.

**WHEREFORE,** Plaintiff **JOSE VELLON** demands judgment against Defendants **COUNTY OF ESSEX, ESSEX COUNTY DEPARTMENT OF CORRECTIONS, ESSEX**

12

COUNTY CORRECTIONAL FACILITY, ALFARO ORTIZ, WILLIAM ANDERSON, GUY CIRILLO, SERGEANT NICHOLS, and/or JANE DOE 1-100 and JOHN DOE 1-100 (fictitious names representing unknown individuals, and ABC Company 1-100 (fictitious names representing unknown entities), jointly and severally, for compensatory and punitive damages, interest, attorneys' fees and costs of suit.

### SIXTH COUNT
#### (42 U.S.C. § 1983 - individual liability)

68.    Plaintiff repeats and realleges each and every paragraph contained in the Complaint and incorporates same as if set forth fully herein at length.

69.    **VELLON** had a right under the Fourth Amendment of the United States Constitution to be free from and protected from the use of excessive force.

70.    **VELLON** had a liberty interest in bodily integrity protected by the Due Process Clauses both substantive and procedural of the Fifth and Fourteenth Amendments of the United States Constitution.

71.    The aforementioned rights under the First, Fourth, Fifth, Eighth and Fourteenth Amendments of the United States Constitution were each clearly established as of July 28, 2019.

72.    At all relevant times herein defendants **ALFARO ORTIZ, WILLIAM ANDERSON, GUY CIRILLO and/or Jane Doe 51-100 and John Doe 51-100 (fictitious names representing unknown individuals),** their employees, agents and representatives were acting under color of law under the state and federal constitutions, laws, charters, ordinances, rules, regulations, customs, usages and practices of the State of New Jersey and its agency the DOC.

73.    Defendants **ALFARO ORTIZ, WILLIAM ANDERSON, GUY CIRILLO and/or Jane Doe 51-100 and John Doe 51-100 (fictitious names representing unknown individuals),** knew, should have known, and were on notice of an unofficial policy, practice or

13

custom which permitted the unimpeded, undisciplined and unremediated use of random excessive force and condoned, tolerated or acquiesced to such misconduct.

74.     Defendants **ALFARO ORTIZ, WILLIAM ANDERSON, GUY CIRILLO and/or Jane Doe 51-100 and John Doe 51-100 (fictitious names representing unknown individuals)** had a duty under the state and federal constitution to ensure the safety and welfare of the inmates under their custodial care and provide them with an environment that maintained their right to be free of harm; this included the duty to protect the safety of any inmate and intervene to prevent harm where necessary.

75.     Defendants **ALFARO ORTIZ, WILLIAM ANDERSON, GUY CIRILLO and/or Jane Doe 51-100 and John Doe 51-100 (fictitious names representing unknown individuals)**, despite knowledge and notice of the use of excessive force and/or prison abuse have failed and refused to remediate these problems despite clear knowledge that the failure to do so would be and has been substantially certain to lead to severe harm to the inmates under their care, custody and control, including plaintiff **VELLON.**

76.     Defendants **ALFARO ORTIZ, WILLIAM ANDERSON, GUY CIRILLO and/or Jane Doe 51-100 and John Doe 51-100 (fictitious names representing unknown individuals)** permitted, allowed, maintained and ratified a practice, custom and/or policy of failing to train, discipline and supervise corrections officers, including defendants **SERGEANT NICHOLS and/or JANE DOE 1-50 and JOHN DOE 1-50 (fictitious names representing unknown individuals)** on the use of force, excessive and unjustified force and the circumstances requiring the need for immediate medical attention necessary to protect the safety and welfare of the prison population, including plaintiff **VELLON.**

14

77.    Defendants **ALFARO ORTIZ, WILLIAM ANDERSON, GUY CIRILLO and/or Jane Doe 51-100 and John Doe 51-100 (fictitious names representing unknown individuals)** failed to implement and enforce policies, procedures and protocols necessary to properly train and supervise their subordinates, including defendants **SERGEANT NICHOLS and/or JANE DOE 1-50 and JOHN DOE 1-50 (fictitious names representing unknown individuals)** in the use of force, and to make sure that such policies, procedures and protocols would be effective in avoiding misconduct, and to ferret out misconduct.

78.    At all relevant times herein Defendants **ALFARO ORTIZ, WILLIAM ANDERSON, GUY CIRILLO and/or Jane Doe 51-100 and John Doe 51-100 (fictitious names representing unknown individuals)** were responsible for the conduct and oversight of corrections officers, including defendants **SERGEANT NICHOLS and/or JANE DOE 1-50 and JOHN DOE 1-50 (fictitious names representing unknown individuals)**.

79.    Defendants **ALFARO ORTIZ, WILLIAM ANDERSON, GUY CIRILLO and/or Jane Doe 51-100 and John Doe 51-100 (fictitious names representing unknown individuals)** acted with deliberate and conscious indifference to plaintiffs' constitutional rights which violations arose out of a pattern, custom, policy or practice of said defendants in allowing and permitting the use of random, unjustified and excessive force and/or in violating the Attorney General's own guidelines pertaining to the use of force as well as internal DOC and NSP guidelines and protocol relating to the use of force, knowing with substantial certainty that such conduct would lead to harm and injuries to inmates, including plaintiff **VELLON** herein.

80.    Defendants **ALFARO ORTIZ, WILLIAM ANDERSON, GUY CIRILLO and/or Jane Doe 51-100 and John Doe 51-100 (fictitious names representing unknown individuals)** acted with deliberate and conscious indifference to plaintiffs' constitutional rights

which violations arose out of a pattern, custom, policy or practice of said defendants in the failing

to enact, enforce or implement policies and procedures on the use of force and the provision of

medical attention, which failure would be known by these defendants to be substantially certain to

lead to harm and injury to inmates, including plaintiff **VELLON** herein.

81.     The direct actions of defendants **ALFARO ORTIZ, WILLIAM ANDERSON,**
**GUY CIRILLO and/or Jane Doe 51-100 and John Doe 51-100 (fictitious names representing**
**unknown individuals)** in failing to train, supervise, monitor and discipline corrections officers

using excessive force and failing to provide medical attention, as well as the failure to enact,

propound and/or enforce necessary policy to avoid harm was deliberately indifferent to the

constitutional rights of plaintiff **VELLON,** and deprived him of his constitutional due process

rights, rights to be free of unlawful seizure, rights of free speech and rights to bodily integrity

under the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution

to be vindicated under 42 U.S.C. §1983.

82.     Each of these defendants individually knew that beating plaintiff unprovoked

without any need to control the prison population or stop violence is a clearly established violation

of the Fourth and Fourteenth Amendments.

83.     As a direct and proximate result of the violation of constitutional rights as

aforedescribed by defendants **ALFARO ORTIZ, WILLIAM ANDERSON, GUY CIRILLO,**
**SERGEANT NICHOLS and/or JANE DOE 1-100 and JOHN DOE 1-100 (fictitious**
**names representing unknown individuals),** plaintiff **JOSE VELLON** has sustained serious,

severe, and permanent personal  and psychological injuries.

**WHEREFORE,** Plaintiff **JOSE VELLON** demands judgment against Defendants

**COUNTY OF ESSEX, ESSEX COUNTY DEPARTMENT OF CORRECTIONS, ESSEX**

16

COUNTY CORRECTIONAL FACILITY, ALFARO ORTIZ, WILLIAM ANDERSON, GUY CIRILLO, SERGEANT NICHOLS, and/or JANE DOE 1-100 and JOHN DOE 1-100 (fictitious names representing unknown individuals, and ABC Company 1-100 (fictitious names representing unknown entities), jointly and severally, for compensatory and punitive damages, interest, attorneys' fees and costs of suit.

### SEVENTH COUNT
#### (42 U.S.C. §1983 for Failure to Intervene)

84.     Plaintiff repeats and realleges each and every paragraph contained in this Complaint and incorporates same as if set forth fully herein at length.

85.     The actions of defendants **SERGEANT NICHOLS and/or JANE DOE 1-50 and JOHN DOE 1-50 (fictitious names representing unknown individuals)** were taken under color of state law.

86.     These defendants had a legal duty to protect **VELLON** from harm.

87.     These defendants failed to intervene, summon help or take other precautionary measures to prevent and/or stop any other Defendant from causing harm to **VELLON**.

88.     These defendants had the opportunity to intervene while **VELLON** was being beaten as they were all present during the beating and assault and participated in it.

89.     These defendants intentionally elected not to intervene.

90.     Defendants, **SERGEANT NICHOLS and/or JANE DOE 1-50 and JOHN DOE 1-50 (fictitious names representing unknown individuals)** violated **VELLON'S** rights under the Fourth, Eighth and Fourteenth Amendments of the United States Constitution.

91.     As a direct and proximate result of Defendants' constitutional violations as aforedescribed, **VELLON** sustained serious, severe and permanent injuries, both physical and psychological, as well as other damages.

92.    By reason of the foregoing **VELLON** has been damaged.

**WHEREFORE**, Plaintiff **JOSE VELLON** demands judgment against Defendants **COUNTY OF ESSEX, ESSEX COUNTY DEPARTMENT OF CORRECTIONS, ESSEX COUNTY CORRECTIONAL FACILITY, ALFARO ORTIZ, WILLIAM ANDERSON, GUY CIRILLO, SERGEANT NICHOLS, and/or JANE DOE 1-100 and JOHN DOE 1-100 (fictitious names representing unknown individuals, and ABC Company 1-100 (fictitious names representing unknown entities)** jointly and severally, for compensatory and punitive damages, interest, attorneys' fees and costs of suit.

## EIGHTH COUNT
### (Negligence)

93.    Plaintiff repeats and realleges each and every allegation contained in this Complaint as if set forth fully herein at length.

94.    At all relevant times herein Defendants were under a duty to act reasonably in the performance of their duties as administrators, wardens, supervisors, and corrections officers in the control, maintenance, operation, handling and management of the jail and correctional facilities and in  properly supervising and monitoring **VELLON,**  in following and promulgating appropriate policies and procedures with respect to excessive force to avoid and prevent physical and psychological harm to prisoners from occurring, and in providing proper training to those with the responsibility for the care and management of those under custodial or hospital care.

95.    All Defendants were under a duty to take proper action to avoid abuse and the use of excessive force.

96.    In particular, the **ALFARO ORTIZ, WILLIAM ANDERSON, GUY CIRILLO and/or Jane Doe 51-100 and John Doe 51-100 (fictitious names representing unknown individuals)** had a duty of reasonable care in the hiring, training, supervision and oversight of its

corrections officers and to ensure that their subordinates did not harm inmates, including plaintiff **VELLON** as well as in their promulgation and enforcement of policies designed to ensure inmate safety.

97.    In particular, defendants **SERGEANT NICHOLS and/or JANE DOE 1-50 and JOHN DOE 1-50 (fictitious names representing unknown individuals)** had a duty of reasonable care in the handling and oversight of inmates, to ensure their safety and that they remain free from harm and protected from harm, including plaintiff **VELLON**.

98.    All Defendants, having undertaken a duty to house and care for inmates, were obligated to have performed their duties reasonably and so as to not cause any physical or psychological harm to inmates, including **VELLON**.

99.    The defendants **ALFARO ORTIZ, WILLIAM ANDERSON, GUY CIRILLO and/or Jane Doe 51-100 and John Doe 51-100 (fictitious names representing unknown individuals)** were each negligent and careless in their failure to properly hire, retain, train, discipline and supervise correctional officers, staff, employees, agents, and servants with respect to the use of force, and in their failure to properly implement, enact, enforce, follow and maintain proper protocol, policy, procedures, rules and guidelines; in their failure to intervene to prevent the use of excessive force to **VELLON** and other abuses as described in this complaint, in their failure to prevent the harm, in their failure to manage and operate their facilities in a reasonable manner so as to prevent the subject incident, and were negligent and careless in the performance of their duties, to which no immunity applies.

100.    Defendants **SERGEANT NICHOLS and/or JANE DOE 1-50 and JOHN DOE 1-50 (fictitious names representing unknown individuals)** were each negligent and

careless in failing to follow policies and procedures, in their use of force, and were negligent and careless in the performance of their ministerial duties, to which no immunity applies.

101.    The actions of Defendants did not involve the exercise of professional judgment or discretion and/or for safety of the prison, inmates or officers.

102.    The personal injuries and damages suffered by **VELLON** were caused solely as a result of the negligence and carelessness of Defendants, individually and collectively.

103.    As a direct and proximate result of Defendants' negligence as aforedescribed, **VELLON** sustained serious, severe and permanent injuries, both physical and psychological, as well as other damages.

104.    By reason of the foregoing **VELLON** has been damaged.

105.    All conditions precedent to filing suit under Title 59 have been met, including medical expense limits, objective permanent injury and the filing of notices of claims.

**WHEREFORE,** Plaintiff **JOSE VELLON** demands judgment against Defendants **COUNTY OF ESSEX, ESSEX COUNTY DEPARTMENT OF CORRECTIONS, ESSEX COUNTY CORRECTIONAL FACILITY, ALFARO ORTIZ, WILLIAM ANDERSON, GUY CIRILLO, SERGEANT NICHOLS, and/or JANE DOE 1-100 and JOHN DOE 1-100 (fictitious names representing unknown individuals, and ABC Company 1-100 (fictitious names representing unknown entities)** jointly and severally, for compensatory and punitive damages, interest, attorneys' fees and costs of suit.

## NINTH COUNT
### (Intentional Infliction of Emotional Distress)

106.    Plaintiff repeats and realleges each and every allegation contained in this Complaint as if set forth fully herein at length.

107.  Each individual defendant, whose individual actions are detailed in this complaint, engaged in actions intended to inflict severe emotional trauma upon **VELLON**, and did so.

108.  The emotional distress was severe and outrageous.

109.  The emotional distress was of such character that no reasonable person could be expected to endure it.

110.  In particular, **VELLON** has required mental health services and his psychological condition has been severely exacerbated by the emotional distress inflicted upon him by way of the beating, retaliation, failure to provide medical attention and the continued cover up and refusal to identify the persons involved in the events alleged in this Complaint, as well as the results of the SID investigation.

111.  By reason of the aforesaid intentional emotional distress, **VELLON** was caused to suffer pain, suffering, humiliation, embarrassment and anguish, as well as aggravation of his pre-existing psychiatric problems, all to his damage.

112.  By reason of the foregoing **VELLON** has been damaged.

**WHEREFORE**, Plaintiff **JOSE VELLON** demands judgment against Defendants **COUNTY OF ESSEX, ESSEX COUNTY DEPARTMENT OF CORRECTIONS, ESSEX COUNTY CORRECTIONAL FACILITY, ALFARO ORTIZ, WILLIAM ANDERSON, GUY CIRILLO, SERGEANT NICHOLS, and/or JANE DOE 1-100 and JOHN DOE 1-100 (fictitious names representing unknown individuals, and ABC Company 1-100 (fictitious names representing unknown entities)**, jointly and severally, for compensatory and punitive damages, interest, attorneys' fees and costs of suit.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a Trial by jury as to all issues.

## NOTICE OF TRIAL COUNSEL

Please take notice that Daniel T. Dalena, Esq. is hereby designated as Trial Counsel in the above-captioned matter for the firm of Javerbaum Wurgaft Hicks Kahn Wikstrom & Sinins, PC, pursuant to Rule 4:25 et. seq.

## CERTIFICATION AS TO REDACTION OF REQUIRED PERSONAL IDENTIFIERS

I certify that confidential personal identifiers have been redacted from documents now submitted to the court and will be redacted from all documents submitted in the future in accordance with Rule 1:38-7(b).

Javerbaum Wurgaft Hicks Kahn
Wikstrom & Sinins, PC
Attorneys for Plaintiff

By: _____
                    Daniel T. Dalena, Esq.

Dated: June 10, 2021
Our File No.: 19-001554

22

ESX-L-004592-21    06/11/2021 10:49:04 AM  Pg 23 of 23 Trans ID: LCV20211418896

## CERTIFICATION

Pursuant to the requirements of Rule 4:5-1 (NOTICE OF OTHER ACTIONS), I, the undersigned, do hereby certify to the best of my knowledge, information and belief, that except as hereinafter indicated, the subject matter of the controversy referred to in the within pleading is not the subject of any other Cause of Action, pending in any other Court, or of a pending Arbitration Proceeding, nor is any other Cause of Action or Arbitration Proceeding contemplated;

1. OTHER ACTIONS PENDING............................. YES ☐ NO ☒

   A. If YES - Parties to other Pending Actions.

   B. In my opinion, the following parties should be joined in the within pending Cause of Action.

2. OTHER ACTIONS CONTEMPLATED?........................ YES ☐ NO ☒

   A. If YES - Parties contemplated to be joined, in other Causes of Action.

3. ARBITRATION PROCEEDINGS PENDING?................... YES ☐ NO ☒

   A. If YES - Parties to Arbitration Proceedings.

   B. In my opinion, the following parties should be joined in the pending Arbitration Proceedings.

4. OTHER ARBITRATION PROCEEDINGS CONTEMPLATED?........ YES ☐ NO ☒

   A. If YES - Parties contemplated to be joined to Arbitration Proceedings.

In the event that during the pendency of the within Cause of Action, I shall become aware of any change as to any facts stated herein, I shall file an amended certification and serve a copy thereof on all other parties (or their attorneys) who have appeared in said Cause of Action.

**JAVERBAUM WURGAFT HICKS KAHN**
**WIKSTROM & SININS, PC**
**Attorneys for Plaintiff(s)**

By: _____

                                Daniel Dalena, Esq.

Dated: June 10, 2021
Our File No. 19-001554

ESX-L-004592-21   06/11/2021 10:49:04 AM  Pg 1 of 1 Trans ID: LCV20211418896

# Civil Case Information Statement

**Case Details: ESSEX | Civil Part Docket# L-004592-21**

**Case Caption:** VELLON JOSE  VS COUNTY OF ESSEX

**Case Initiation Date:** 06/11/2021

**Attorney Name:** DANIEL TERRANCE DALENA

**Firm Name:** JAVERBAUM WURGAFT HICKS KAHN
WIKSTROM & SININS

**Address:** 201 WASHINGTON ST
NEWARK NJ 07102

**Phone:** 9736427005

**Name of Party:** PLAINTIFF : Vellon, Jose

**Name of Defendant's Primary Insurance Company
(if known):** None

**Case Type:** CIVIL RIGHTS

**Document Type:** Complaint with Jury Demand

**Jury Demand:** YES - 6 JURORS

**Is this a professional malpractice case?**  NO

**Related cases pending:** NO

**If yes, list docket numbers:**

**Do you anticipate adding any parties (arising out of same
transaction or occurrence)?** NO

**Are sexual abuse claims alleged by: Jose Vellon?** NO

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE**
CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** NO

**If yes, is that relationship:**

**Does the statute governing this case provide for payment of fees by the losing party?** YES

**Use this space to alert the court to any special case characteristics that may warrant individual
management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO
        **If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO
        **If yes, for what language:**

**Please check off each applicable category: Putative Class Action?** NO  **Title 59?** NO  **Consumer Fraud?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the
court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

06/11/2021
Dated

/s/ DANIEL TERRANCE DALENA
Signed